IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JEFF BARKER, Personal Representative of the Estate of Bobby Glen Barker, a/k/a Bobby G. Barker,<br><br>   Plaintiff,<br><br>v.<br><br>MURPHY FARMS, L.L.C., *et al.*,<br><br>   Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)   Case No. CIV-07-586-D<br>)<br>)<br>)<br>) |

**O R D E R**

Before the Court is Defendant Murphy Farms, L.L.C.'s Motion for Dismissal Without Prejudice [Doc. No 16], pursuant to Fed. R. Civ. P. 37(b)(2). Defendant seeks dismissal of this action due to Plaintiff's failure to comply with the Order of January 16, 2008, compelling discovery. Plaintiff has not timely opposed, or otherwise responded, to the motion. In the exercise of discretion under Local Civil Rule LCvR7.1(g), the Court deems the motion confessed.

Plaintiff's failure to obey a discovery order plainly warrants the imposition of sanctions under Fed. R. Civ. P. 37(b)(2)(A). The only question is the appropriate penalty. For reasons explained in the January 16 Order, the Court previously warned Plaintiff that a failure to comply could result in the dismissal of this action for failure to prosecute. *See* Order 1/16/08 [Doc. No. 15] at 2. Plaintiff's continued inaction in the case only further exacerbates the problem. Plaintiff has ignored every deadline set by the Scheduling Order entered August 7, 2007, and has prevented Defendant from complying with the deadlines as well. The case is set for trial on the April, 2008, jury trial docket but not a single trial submission has been made. Under these circumstances, the Court finds dismissal to be an appropriate exercise of the Court's inherent authority to manage its

docket, as well as an appropriate sanction under Rule 37(b)(2).  A dismissal for failure to prosecute presents "an appropriate disposition against a party who disregards court orders and fails to proceed as required by court rules."  *United States ex rel. Jimenez v. Health Net, Inc.*, 400 F.3d 853, 855 (10th Cir. 2005);[1] *see also Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1143 (10th Cir. 2007) (discussing dismissal for failure to prosecute under Fed. R. Civ. P. 41(b)).  Here, Plaintiff's inaction and failure to obey the January 16 Order have prevented an orderly disposition of this case and warrant a dismissal without prejudice to refiling.

IT IS THEREFORE ORDERED that Defendant's motion to dismiss [Doc. No. 16] is GRANTED.  Judgment will be entered accordingly.

IT IS SO ORDERED this 14th day of March, 2008.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

---

[1] *In* <u>Health Net</u>, *the court of appeals stated:  "The 'authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an inherent power, governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'"* <u>Id.</u> *(quoting* <u>Link v. Wabash R.R. Co.</u>*, 370 U.S. 626, 630-31 (1962)).*